UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LEE R. ROBINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 3:17-cv-771-PPS-MGG |
| | ) |
| NANCY BERRYHILL, Acting Commissioner | ) |
| of the Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Lee Robinson represents himself in this action in which he seeks judicial review of the Social Security Administration's decision denying his application for disability. Robinson alleges that his disability had an onset date of April 1, 2012. An administrative law judge found that Robinson's last insured date is September 30, 2012, so the dispute here is over a few months of potential disability payments. In any event, the ALJ found that Robinson was not disabled, and Robinson now challenges that decision. For the following reasons, I will affirm the ALJ's decision.

**Factual and Procedural Background**

Lee Robinson filed a *pro se* complaint appealing the decision of the Commissioner of Social Security denying his application for benefits. [DE 1.] On January 29, 2018, the Magistrate Judge issued a scheduling order setting deadlines for the parties' briefs. [DE 10.] Robinson's brief was due on March 9, 2018, but he did not file an opening brief. On April 17, 2018, I gave Robinson seven days to file an opening

1

brief, and I warned him that if he did not do so, his case would be dismissed. [DE 14.] Robinson timely filed a motion for extension of time, which I granted on April 26, 2018. [DE 16.] I gave Robinson until May 25, 2018 to file his brief. [*Id.*] I also directed the Commissioner to file its response within 30 days of Robinson's opening brief. [*Id.*]

Immediately after I granted Robinson's request for additional time, the Court received two letters from Robinson. The first handwritten letter, dated April 25, 2018, and received by the Court on May 1, 2018, again asked for an extension. [DE 17.] Robinson explained that he did not understand the Magistrate Judge's scheduling order. He added, "So I'm writing you to please give me an extension on brief and my brief is: ..." [*Id.*] What follows appears to be Robinson's argument in support of his social security appeal. He indicates that he is 65 years old, and he explains the medications he is currently taking. He says that he is asking for disability because "I really do need it," and he implores the Court (or the Commissioner) to talk to his doctors. [*Id.*]

The Court then received a second handwritten letter from Robinson thanking the Court for granting his request for additional time. This letter was dated April 30, 2018, and filed with the Clerk's office the same day – four days after I granted his request for an extension of time. [DE 18.]

For reasons that are not clear, Robinson never filed an opening brief. Nonetheless, on May 31, 2018, the Commissioner, apparently interpreting Robinson's letters to essentially be his attempts at filing an opening brief, responded with its own

brief arguing in support of affirming the ALJ's decision. [DE 19.] The Commissioner argued that substantial evidence supports the ALJ's decision. [*Id.*] Robinson's failure to file an opening brief is grounds for dismissal of this case. But pro se filings, however inartfully pleaded, must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). So liberally construing Robinson's April 25, 2018 letter, I can reasonably conclude that Robinson intended to file his opening brief by virtue of this letter. Therefore, I will address the merits of Robinson's appeal of the ALJ's decision denying his application for benefits.

**Discussion**

As explained earlier, Robinson identifies a few facts in his brief. He explains that he is 65 years old. [DE 17.] He also provides a list of medications he is currently taking, including a pill for his prostate called "Doxazosin Mesylate," high blood pressure medicine "Amlodipine Besylate," and medicine for gout called "Allopurinol." [*Id.*] Robinson also says that he is willing to take a job if someone will offer him one. [*Id.*] Finally, Robinson asks the Commissioner to talk to his doctors. [*Id.*] That is the extent of Robinson's arguments.

My review of the Commissioner's decision is limited. If an ALJ's findings of fact are supported by "substantial evidence," then I must affirm the decision. *See* 42 U.S.C. § 405(g); *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to

3

support a conclusion." *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). In making a substantial evidence determination, I must review the record as a whole, but I cannot re-weigh the evidence or substitute my judgment for that of the ALJ. *Id.*

"Benefits are available only to those individuals who can establish disability under the terms of the Social Security Act." *Estok v. Apfel*, 152 F.3d 636, 638 (7th Cir. 1998). To receive benefits, a disability must have begun or had its inception during the period of insured status, and the claimant has the burden of showing he is disabled on or before the date his insured status expired. *Id.* at 640. Therefore, the claimant must show through testimony and medical evidence that he was disabled during the period he was insured. *Jeralds v. Richardson*, 445 F.2d 36, 39 (7th Cir. 1971). In other words, the present state of a claimant's health is neither here nor there for purposes of making the disability determination. It is the state of his health during the relevant period that matters.

Here, substantial evidence supports the ALJ's decision that Robinson was not disabled as of his date last insured (September 30, 2012), and Robinson has not given any reason in his brief to question the ALJ's opinion. The ALJ determined that Robinson's alleged problems with his left shoulder, feet, thighs, depression, and enlarged prostrate were not medically determinable impairments through the date last

4

insured. [Tr. 18-19.]¹ The ALJ appropriately cites to the record when noting the absence of objective evidence for these ailments. For example, he notes no objective evidence documented any hammertoe, foot problem, or thigh cramps through Robinson's date last insured; instead, the records indicated his lower extremities were consistently normal. [Tr. 18, 574, 607.] The ALJ acknowledged Robinson's complaints of shoulder pain, but the ALJ pointed out inconsistency with the dates of the shoulder injury (ranging from 2011-2013), and the absence of objective evidence of left shoulder problems. [Tr. 18-19, 303-615.] Regarding Robinson's enlarged prostrate, the ALJ acknowledged Robinson's complaint, but noted no evidence documented the impairment through Robinson's date last insured. [Tr. 19, 303-615.] The same with the claim for depression - the ALJ noted the absence of any evidence that Robinson was diagnosed with or treated for depression within the relevant time frame. [Tr. 19, 47, 303-615.]

Finally, the ALJ found that none of Robinson's impairments, individually or in combination, significantly limited Robinson's ability to perform basic work-related activities for 12 consecutive months, so Robinson did not have a severe impairment or combination of impairments between the alleged onset date of April 1, 2012, and the date last insured of September 30, 2012. [Tr. 21.] This decision was also well supported — the ALJ considered some instances where Robinson was hospitalized (for example,

---

¹Citations to the record will be indicated as "Tr. __" and indicate the pagination found in the lower right-hand corner of the record found at DE 9.

when he injured himself on a dumpster in May 2009, when he was hospitalized with leg pain in May 2010, and when he went to the emergency room after being hit by a car in 2011), but noted that in all the instances, Robinson had not produced any evidence that he sought or required any further care for the impairments after discharge. [Tr. 20-21, 303-615.] Further, a lot of the evidence before the ALJ in this case dates from 2013-2015 [Tr. 264-97, 303-613], after Robinson's date last insured, but, as noted above, this is irrelevant. *See Shideler v. Astrue*, 688 F.3d 306, 311 (7th Cir. 2012) ("[W]hatever condition the claimant may be in at his hearing, the claimant must establish that he was disabled before the expiration of his insured status . . . to be eligible for disability insurance benefits.").

In sum, the ALJ discussed the medical evidence relevant to Robinson's condition as of September 30, 2012, and substantial evidence supports the conclusion that Robinson did not have a severe impairment at that time. Robinson's brief contains no argument or evidence to the contrary. Therefore, I AFFIRM the Commissioner's decision.

## Conclusion

The final decision of the Commissioner of Social Security is AFFIRMED.

The Clerk shall enter judgment in favor of defendant and against plaintiff accordingly.

**SO ORDERED**.

ENTERED: November 2, 2018.

                                        /s/   Philip P. Simon
                                        **PHILIP P. SIMON, JUDGE**
                                        **UNITED STATES DISTRICT COURT**